http://www.va.gov/vetapp16/Files4/1630401.txt

Citation Nr: 1630401 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-31 654 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUES

1. Entitlement to service connection for a psychiatric condition, to include anxiety.

2. Entitlement to service connection for nervous tremors or seizures.

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

Dominic Jones, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1963 to December 1965.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

The RO has phrased the issue currently on appeal as entitlement to service connection for anxiety disorder (claimed as nervous condition). A review of the record indicates that the Veteran has reported symptoms regarding anxiety. Similarly, as early as September 2013, the Veteran has characterized his claims as that for service connection for anxiety and nervous tremors of the hands and face. Indeed, in his October 2013 VA Form 9, the Veteran stated that his "nervous tremors are [a] separate diagnosis and being treated and medicated separately." Accordingly, the Board has recharacterized the single claim as two separate and distinct claims given this information. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the agency of original jurisdiction. VA will notify the appellant if further action is required.

REMAND

To date, no VA examination for the Veteran's claimed disabilities has been conducted. The Veteran has consistently asserted that his anxiety and nervous tremors first occurred during his active service in Korea. Specifically, he has stated that the first signs of these conditions began during his 13-month period in Korea but that he did not think much of them at the time or that it was necessary to go on sick call for the conditions. See statement received October 2014. The Board finds that the evidence reflects there may be some indication that these symptoms began during service, and that the claims must be remanded to afford the Veteran VA examinations. See 38 U.S.C.A. § 5103A(d)(2) (West 2014); 38 C.F.R. § 3.159(c)(4)(i) (2015); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

In light of the remand, any more recent relevant VA and treatment records should be obtained.

Accordingly, the case is REMANDED for the following actions:

1. Obtain any additional, pertinent VA treatment records not already associated with the claims file.

2. Thereafter, schedule the Veteran for appropriate VA examination(s) to address the nature and etiology of his claimed psychiatric condition and nervous tremors. The entire claims file should be reviewed by the examiners.

All necessary tests and studies should be conducted. Any psychiatric disability or disability manifested by tremors or seizures should be identified.

After examining the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any psychiatric disability or nervous tremor disability had its onset during, or is otherwise related to, the Veteran's service.

In providing these opinions, the examiners should discuss the Veteran's lay statements regarding the onset of his claimed disabilities.

The examination reports should include complete rationales for all opinions expressed.

3. Finally, readjudicate the appeal. If the benefits sought remain denied, issue a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This case must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).